IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD L. JOHNSON, | ) |
| Plaintiff, | ) Civil Action No. 20-622 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 37 |
| WESTMORELAND COUNTY PRISON BOARD, WARDEN JOHN R. WALTON, SEAN KERTES, *Chairman*, GINA CERILLI, *Esq., Secretary*, and DOUGLAS CHEW, *Vice Chairman* | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Plaintiff Ronald Johnson ("Plaintiff"), a pretrial detainee at the Westmoreland County Prison, filed this *pro se* action claiming that his Fifth, Eighth and Fourteenth Amendment rights have been violated as a result of the conditions of his confinement and the deficient grievance process at the Westmoreland County Prison.

Presently before the Court is a Motion to Dismiss filed by Defendants Westmoreland County Prison Board, Warden John R. Walton ("Walton"), Sean Kertes ("Kertes"), Gina Cerilli ("Cerilli"), and Douglas Chew ("Chew") (collectively, "Defendants"). ECF No. 37. For the reasons that follow, the Motion to Dismiss is granted in part and denied in part.[1]

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action on April 28, 2020 by filing a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), which the Court granted. ECF Nos. 1 and 10. Plaintiff amended

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct all proceedings in this case, including the entry of a final judgment. ECF Nos. 34 and 36.

his Complaint twice after the Court issued Deficiency Orders, and the operative Second Amended Complaint was filed on June 30, 2020. ECF Nos. 3, 4, 6 and 8.

### A. Second Amended Complaint

In his Second Amended Complaint, Plaintiff asserts three claims against the Westmoreland County Prison Board, three members of the Westmoreland County Prison Board (Kertes, Chew, and Cerilli), and Warden Walton. ECF No. 8.

#### 1. Count I

In Count I, Plaintiff claims that Defendants violated his Fifth, Eighth and Fourteenth Amendment rights as a result of their failure to adequately protect him from contracting COVID-19. Id. at 2-3. Plaintiff is a pretrial detainee at Westmoreland County Prison, and he is one of 86 detainees on the "C unit." Id. at 2. He is sixty-five years old, with pre-existing medical conditions including: lung and heart disease, severe asthma, chronic liver disease, chronic hepatitis C, spinal cord injury, and high blood pressure. Id.

Plaintiff claims that the units at Westmoreland County Prison are crowded, making "social distancing impossible." Id. According to Plaintiff, 86 detainees are housed together with 2 inmates per cell. The detainees share 6 showers, and there are at least 4-5 detainees seated next to one another during meals. Id. at 3. Plaintiff alleges that the dining and shower areas are unsanitary, and that he contracted a bacterial infection as a result of these conditions. Id. Although Plaintiff was provided with a cloth mask, he claims that Defendants have refused to implement other protections, such as testing for employees or detainees. Id. As a result, he claims that Defendants are operating in violation of the Center for Disease Control ("CDC") guidelines. Id.

### 2. Count II

In Count II, Plaintiff claims that Defendants have violated the Due Process Clause of the Fourteenth Amendment by failing to provide a sufficient grievance process at the Westmoreland County Prison. Id. at 4. Plaintiff claims that detainees are intimidated by the "chain of command," as officials may threaten to throw them in the "hole," or they may need to seek grievance forms from the official against whom they have a complaint. Id.

### 3. Count III

In Count III, Plaintiff claims that Defendants violated his Fifth and Fourteenth Amendment rights by keeping lights on at all times. Id. He claims that the light harms his health and is a form of "torture," which causes headaches, abnormal sleep and sleep deprivation, eye deterioration, and "death row syndrome." Id. at 4-5.

With respect to all of his claims, Plaintiff seeks compensatory damages and injunctive relief, requesting to be released from prison until trial. Id. at 3, 5.

### B. Motion to Dismiss

Defendants filed the instant Motion to Dismiss and Brief in Support. ECF Nos. 37 and 38. Plaintiff filed a Response and Brief in Support of Response in opposition to the Motion to Dismiss. ECF Nos. 46 and 47.

The Motion to Dismiss is now ripe for consideration.

## II. LEGAL STANDARD

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept

bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Retirement Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Because Plaintiff is proceeding *pro se*, the Court will liberally construe his Complaint and employ less stringent standards than when judging the work product of an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III. DISCUSSION

#### A. Failure to Exhaust Administrative Remedies

In support of the Motion to Dismiss, Defendants argue that Plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies pursuant the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA requires that a prisoner exhaust available administrative remedies before filing an action challenging prison conditions or experiences. Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner, confined in any jail, prison or correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[2]

Although Defendants argue that "there is no question" that Plaintiff did not file any grievances, they cite nothing to support this finding. While, as Defendants argue, Plaintiff does not affirmatively plead that he has exhausted his administrative remedies in his Second Amended Complaint, he is not required to do so. See ECF No. 38 at 7; Ray v. Kertes, 285 F.3d 287, 295-298 (3d Cir. 2002). Rather, failure to exhaust is an affirmative defense that Defendants must plead and prove. Ray, 285 F.3d at 295; see also Small v. Camden Cnty., 728 F.3d 265, 268 (3d Cir. 2013) ("Failure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff."). Defendants have not satisfied their burden of proof at this stage. Accordingly, the Motion to Dismiss is denied to the extent it requests the Court dismiss Plaintiff's claims for failure to exhaust his administrative remedies.

#### B. Count I

Defendants also argue that Count I should be dismissed because Plaintiff fails to state a claim upon which relief can be granted. ECF No. 38 at 4. In particular, Defendants argue that

---

[2] The PLRA also applies to pretrial detainees. See Williams v Del. Cnty. Bd. of Prison Inspectors, --F'Appx--, 2021 WL 387466, at *4 n. 8 (3d Cir. Feb. 3, 2021) ("Pretrial detainees are 'prisoners' for purposes of the PLRA.").

Plaintiff must show deliberate indifference to a serious medical need in order to prove an Eighth Amendment claim. Id. at 5. Here, Defendants argue, the "possibility of contracting [COVID-19]" is not a serious medical need. Id. Defendants further argue that there are no allegations showing deliberate indifference to any such need, because Plaintiff has not alleged that any of the named Defendants blocked his access to medical care or to a physician. Id. at 6-7. As such, Defendants contend, Plaintiff's claim amounts to nothing more than an inmate "desperately trying to use the system to get out of jail." Id. at 7.

In response, Plaintiff argues that pretrial detainees have a due process right not to be punished. ECF No. 47 at 2-3. He argues that the conditions at Westmoreland County Prison violate his due process rights because keeping at-risk individuals detained in such close proximity without proper sanitation serves no legitimate purpose, and that detention under these circumstances is not rationally related to the enforcement of prison rules. Id. at 4. He also argues that the conditions of confinement have placed him at serious risk of being infected with COVID-19 and, considering his age and various health conditions, Defendants have acted with deliberate indifference to his safety. Id.

The gravamen of Count I is that Westmoreland County Prison officials have not implemented adequate measures to prevent the spread of COVID-19 within the facility. As the United States Supreme Court has held, prison officials are required to "provide humane conditions of confinement," and must take "reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "For prisoners incarcerated following a conviction, this obligation arises out of the Eighth Amendment's prohibition on cruel and unusual punishment." Cameron v. Bouchard, 815 F. App'x 978, 984 (6th Cir. 2020); see also Murray v. Keen, 763 F. App'x 253, 255-56 (3d Cir. 2019). Where a pretrial detainee is challenging the conditions of his

confinement, however, the claim arises instead under the Due Process Clause of the Fifth or Fourteenth Amendment. See E.D. v. Sharkey, 928 F.3d 299, 307 (3d Cir. 2019) (citing Hubbard v. Taylor, 538 F.3d 229, 231 (3d Cir. 2008)).

Plaintiff pleads Count I under the Fifth, Eighth, and Fourteenth Amendments. Because he challenges the conditions of his confinement as a pretrial detainee in a county prison, however, his claim solely arises under the Fourteenth Amendment. See Ndir v. Doll, 459 F. Supp. 3d 627, 633 n. 5 (M.D. Pa. 2020). In the present Motion, Defendants do not address Plaintiff's Fourteenth Amendment claim; instead, they focus solely on whether Plaintiff has stated an Eighth Amendment claim. As such, the Motion does not provide a basis for the Court to dismiss Count I to the extent it arises under the Fourteenth Amendment.

Based on its review, the Court also finds that Plaintiff pleads facts that are sufficient to state a claim under the Fourteenth Amendment at this early stage of the litigation. Plaintiff appears to raise two potential alleged violations of his right to substantive due process: (1) that Plaintiff is subject to punitive conditions of confinement at Westmoreland County Prison, and (2) Defendants are deliberately indifferent to Plaintiff's risk as a result of the COVID-19 virus.

With respect to the first argument, the Due Process Clause requires that "a detainee may not be punished prior to an adjudication of guilt." Sharkey, 928 F.3d at 307 (quoting Bell v. Wolfish, 441 U.S. 520, 535 (1979)) (internal quotations omitted). In order to determine whether a challenged condition of confinement amounts to punishment, courts look to "whether a condition of confinement is reasonably related to a legitimate governmental objective; if it is not, [the court] may infer 'that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon detainees *qua* detainees.'" Id. (quoting Hubbard, 538 F.3d at 232).

"Whether a condition of confinement is reasonably related to a legitimate government objective turns on whether the condition serves a legitimate purpose and is rationally related to that purpose." Geovani M.O. v. Decker, No. 20-5053, 2020 WL 2511428, at *6 (D. N.J. May 15, 2020) (citing Hubbard, 538 F.3d at 232). A challenged condition may amount to punishment if: "the disability is imposed for the purpose of punishment," meaning there is "an expressed intent to punish on the part of detention facility officials"; no "alternative purpose to which [the condition or deprivation] may rationally be connected is assignable for it"; or the condition or deprivation is "excessive in relation to the alternative purpose assigned [to it]." Bell, 441 U.S. at 538 (quoting Kennedy v. Mendoza-Martinez, 472 U.S. 144, 168-69 (1963)).

In recent cases involving COVID-19, "several courts have declined to hold that a pretrial detainee's due process rights are violated simply because they are incarcerated and at a higher risk of contracting the virus." United States v. Haskins, No. 1:cr-19-328, 2020 WL 1974414, at *6 (M.D. Pa. Apr. 24, 2020) (collecting cases). In considering whether conditions of confinement "amount to punishment" relative to COVID-19, courts have generally considered the detainee's health and conditions at the facility in that particular case, including whether officials have implemented adequate precautions. See Oscar P.C. v. Tsoukaris, No. 20-5622, 2020 WL 4915626, at *9 (D. N.J. Aug. 21, 2020) (citing Cristian R. v. Decker, No. 19-20861, 2020 WL 2029336, at *2 (D. N.J. Apr. 28, 2020); Thakker v. Doll, 456 F. Supp. 3d 647 (M.D. Pa. 2020); Rafael L.O. v. Tsoukaris, No. 20-3481, 2020 WL 1808843, at *7-8 (D. N.J. April 9, 2020)).

Here, Plaintiff's allegations go beyond the claim that he simply faces a higher risk due to his detention in a prison facility. Plaintiff claims that he is at an increased risk from exposure to COVID-19 due to his age and medical conditions, including heart and lung disease, severe asthma, chronic liver disease, and high blood pressure—conditions that the CDC has flagged as potentially

increasing an individual's risk of severe illness as a result of the COVID-19 virus.[3]  In addition, Plaintiff pleads that prison officials at Westmoreland County Prison are not following CDC guidelines other than providing masks, and there is not proper sanitation or social distancing.  Construing Plaintiff's *pro se* Complaint liberally, the Court finds that he states a plausible claim at this preliminary stage that he is subject to punitive conditions of confinement in violation of the Fourteenth Amendment.

The Court next considers Plaintiff's second potential claim under the Fourteenth Amendment.  In order to establish deliberate indifference to a serious medical need, Plaintiff must show that Defendants knew of, and disregarded, an excessive risk to his health and safety.  See Hope v. Warden York Cnty. Prison, 972 F.3d 310, 329 (3d Cir. 2020).  Considering Plaintiff's age and pre-existing health conditions, he plausibly alleges that he has a serious medical need due to his particular vulnerability to COVID-19.  See id.; Coronel v. Decker, 449 F. Supp. 3d 274, 283 (S.D.N.Y. 2020).  While prison officials are not required to eliminate all risk of exposure to COVID-19, and mere negligence or disagreement with the facility's mitigation efforts does not amount to deliberate indifference, at this preliminary stage, Plaintiff pleads sufficient facts to assert a claim arising out of prison officials' alleged failure to implement COVID-19 prevention measures.  For these reasons, the Motion to Dismiss is denied to the extent Defendants seek to dismiss Count I.

---

[3] Centers for Disease Control, "People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 2, 2021).

### C. Count II

Although Defendants do not address Counts II and III in their Motion to Dismiss, the Court finds that Count II should be dismissed, with leave to amend.[4]  In Count II, Plaintiff claims that Defendants' failure to provide a sufficient grievance process at the Westmoreland County Prison violates his Fourteenth Amendment rights.  ECF No. 8 at 4.  It is well-established, however, that inmates do not have a constitutionally protected right to prison grievance procedures.  Travillion v. Leon, 248 F. App'x 353, 356 (3d Cir. 2007); Burnside v. Moser, 138 F. App'x 414, 416 (3d Cir. 2005).  Moreover, the fact that a grievance procedure exists does not confer inmates with any substantive constitutional rights.  Burnside, 138 F. App'x at 416.  Plaintiff therefore fails to state a claim with respect to Westmoreland County Prison's failure to implement an adequate grievance process.

In Count II, Plaintiff also claims that Defendants have punished detainees by threatening them to be thrown in the "hole" for using the grievance system.  ECF No. 8 at 4.  While the First Amendment protects the filing of grievances, Plaintiff does not allege that he personally engaged in constitutionally protected activity, or that he suffered any adverse action as a result of using the grievance process.  See Jackson v. Carter, 813 F. App'x 820, 825 (3d Cir. 2020).  The Court therefore dismisses Count II; however, to the extent that Plaintiff may claim that prison officials personally retaliated against him, the Court grants him leave to amend his Complaint as appropriate.

---

[4] Under the PLRA, the Court has the authority to *sua sponte* dismiss claims that fail to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915A and 1915(e); 42 U.S.C. § 1997(e).

**D. Count III**

The Court finds that Count III should not be dismissed. In Count III, Plaintiff claims that Defendants violated his Fifth and Fourteenth Amendment rights by keeping the lights on at all times, which caused him physical harm. ECF No. 8 at 4-5.

The United States Court of Appeals for the Third Circuit recently addressed the issue of whether constant illumination may give rise to a constitutional violation.

> Although we have not said so in a precedential opinion, it is likely that constant illumination may, at least under certain or extreme circumstances, amount to a constitutional violation. See Keenan v. Hall, 83 F.3d 1083, 1090-91 (9th Cir. 1996) (considering a claim from a prisoner who suffered "grave" sleeping and other health problems due to large fluorescent lights that constantly illuminated his cell). However, a number of courts have held that continuous lighting is permissible and reasonable when used in support of legitimate penological justifications, like the need for security and the need to monitor prisoners. See, e.g., Chappell v. Mandeville, 706 F.3d 1052, 1059 (9th Cir. 2013); O'Donnell v. Thomas, 826 F.2d 788, 790 (8th Cir. 1987); see also Will v. Terhune, 404 F. Supp. 2d 1226, 1231 (E.D. Cal. 2005); King v. Frank, 371 F. Supp. 2d 977, 985 (W.D. Wis. 2005) (rejecting a claim based on light from a nine-watt bulb that allowed correctional officers to see prisoners at night). We agree.

Murray v. Keen, 763 F. App'x 253, 255-56 (3d Cir. 2019).

At this preliminary stage, there is no record evidence to establish whether the constant illumination at Westmoreland County Prison is used in support of legitimate penological justifications, or if the nature of the lighting amounts to "extreme" circumstances that could give rise to a violation of Plaintiff's constitutional rights. Accordingly, the Court does not dismiss Count III.

**E. Individual Defendants (Kertes, Chew, Cerilli, and Walton)**

Defendants also argue that Kertes, Chew, Cerilli, and Walton should be dismissed because Plaintiff's Amended Complaint does not include any specific allegations as to these Defendants, making it "impossible to discern" why these Defendants are named in this case. ECF No. 38 at 8.

11

In response, Plaintiff argues that he has sued these individuals in their capacity as members of the Westmoreland County Prison Board. ECF No. 46 ¶¶ 20-22. He argues that Defendants determine the rules and regulations for Westmoreland County Prison, and those procedures are implemented by Walton, the warden. ECF No. 47 at 2.

Upon review, the Court finds these individual Defendants should not be dismissed on these grounds. In his Amended Complaint, Plaintiff pleads that Kertes, Chew, and Cerilli are members of the Westmoreland County Prison Board, and that Walton is the warden of Westmoreland County Prison. ECF No. 8 at 2. He alleges that the Westmoreland County Prison Board is responsible for rules and regulations at Westmoreland County Prison, and his claims arise out of the policies implemented with respect to COVID-19, grievances, and lighting at the prison. See id. Based on this, Plaintiff provides sufficient notice of the basis for his claims against these Defendants.

### F. Injunctive Relief

Finally, Defendants argue that the Court should dismiss Plaintiff's request for injunctive relief, to the extent that he requests to be released from detention. Defendants refer the Court to 18 U.S.C.A. § 3626, which sets forth the conditions for granting a "prisoner release order" as defined by this statute. Although Defendants claim that the Court cannot grant injunctive relief pursuant to this statute, they include no substantive argument as to how this particular statute applies, or why it arguably could not be satisfied in this case. Accordingly, the Court declines to grant the Motion to Dismiss on this basis.

### IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss is granted in part and denied in part. The Court dismisses Count II. Plaintiff is granted leave to amend Count II of his Complaint within

twenty-one days, as appropriate, to the extent he seeks to assert a claim for retaliation under the First Amendment. The Motion to Dismiss is denied as to Counts I and III. An appropriate Order will be entered.

DATED: March 3, 2021                        BY THE COURT,


   */s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE



cc:   Ronald L. Johnson
      Westmoreland County Prison
      3000 S. Grande Blvd.
      Greensburg, PA 15601

      All counsel of record via CM/ECF.