# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD L. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 20-622 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| WESTMORELAND COUNTY PRISON ) | |
| BOARD, WARDEN JOHN R. WALTON, ) | |
| SEAN KERTES, *Chairman*, GINA CERILLI, ) | |
| *Esq., Secretary*, and DOUGLAS CHEW, *Vice* ) | |
| *Chairman* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Ronald Johnson ("Plaintiff") filed this *pro se* action arising out of allegations that Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights as a result of the conditions of his confinement and the deficient grievance process at the Westmoreland County Prison. For the reason that follow, the Court will enter an Order dismissing this action based upon Plaintiff's failure to prosecute.[1]

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action on April 28, 2020 by filing a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), which the Court granted. ECF Nos. 1 and 10. Plaintiff amended

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct all proceedings in this case, including the entry of a final judgment. ECF Nos. 34 and 36.

his Complaint twice after the Court issued Deficiency Orders, and the operative Second Amended Complaint was filed on June 30, 2020. ECF Nos. 3, 4, 6 and 8.

Defendants filed a Motion to Dismiss and Brief in Support on September 8, 2020, ECF Nos. 36 and 37. Plaintiff filed a Response and Brief in Support of Response in opposition to the Motion to Dismiss. ECF Nos. 46 and 47.

On March 3, 2020, the Court entered a Memorandum Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss. ECF Nos. 59 and 60. The Court granted Plaintiff leave to amend his Complaint on or before March 24, 2021, which he elected not to do. Defendants then filed an Answer to Plaintiff's Second Amended Complaint on April 21, 2021. ECF No. 71.

On April 20, 2021, Defendants filed a pending Motion for Suggestion of Mootness and Brief in Support. ECF Nos. 68 and 69. In their Motion, Defendants reported that Plaintiff had been released from Westmoreland County Prison. As a result, Defendants argued that Plaintiff's claims regarding prison conditions relative to COVID-19, his exposure to constant illumination, and his request for injunctive relief were now moot and should be dismissed. ECF No. 68 ¶ 8.

The Court ordered Plaintiff to file a response to Defendants' Motion for Suggestion of Mootness by May 12, 2021. ECF No. 70. The Court mailed a copy of its Order directing a response to Plaintiff's address of record, Westmoreland County Prison, and to the address that Defendants represented to be Plaintiff's new address. The Court reminded Plaintiff that he was required to inform the Court of any updates to his current address. ECF No. 72.

Plaintiff did not file a response by May 12, 2021. He also did not update his address of record.

On May 13, 2021, the Court entered an Order to Show Cause directing Plaintiff to show good cause on or before June 14, 2021 "why his claims should not be dismissed based upon his failure to respond to the Motion for Suggestion of Mootness as ordered or to provide the Court with a current address of record." ECF No. 73. To date, Plaintiff has not responded to the Motion for Suggestion of Mootness or to the Order to Show Cause, and he has not notified the Court of his updated address.

## II. DISCUSSION

Punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.
(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
(3) A history of dilatoriness.
(4) Whether the conduct of the party or the attorney was willful or in bad faith.
(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
(6) The meritoriousness of the claim or defense.

Upon consideration of the Poulis factors, the Court finds that Plaintiff's claims should be dismissed. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claims. He is personally responsible for not complying with the Order to respond to Defendants' Motion for Suggestion of Mootness, failing to respond to the Order to Show Cause, and failing to keep the Court apprised of his current address.

Second, Plaintiff's conduct has prejudiced Defendants. Plaintiff's failure to comply with this Court's orders has delayed the resolution of this action and Defendant's Motion for Suggestion of Mootness.

With respect to the third and fourth factors, Plaintiff's failure to comply with the Court's orders represents a history of dilatoriness. Because it is Plaintiff's sole responsibility to prosecute his claims, his failure to keep the Court apprised of his current address or to comply with the Court's orders appears to be willful.

With respect to the sixth factor, the meritoriousness of Plaintiff's claims, "[g]enerally, in determining whether a plaintiff's clam is meritorious, [the Court] use[s] the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim[,] such that "[a] claim [is] . . . meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008). The Court previously concluded that Plaintiff states a claim in his Complaint, and Defendants do not argue that all of Plaintiff's claims have become moot as a result of his release. This factor therefore does not weigh in favor of dismissal. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to respond to the Order to Show Cause or to notify the Court of his current address, which has prevented this case from proceeding, suggests that Plaintiff has no serious interest in pursuing this case. Dismissal, therefore, is the most appropriate action for this Court to take. Mindek, 964 F.2d at 1373.

### III. CONCLUSION

For the foregoing reasons, the Court will enter an Order dismissing Plaintiff's claims with prejudice based upon Plaintiff's failure to prosecute.

Dated: June 28, 2021                                       BY THE COURT:

                                                           ***/s/ Maureen P. Kelly***
                                                           MAUREEN P. KELLY
                                                           UNITED STATES MAGISTRATE JUDGE

cc:    Ronald Johnson
       Westmoreland County Prison
       3000 S. Grande Blvd.
       Greensburg, PA 15601

       Ronald Johnson
       234 W. Burgess Street
       Pittsburgh, PA 15214

       All counsel of record via CM/ECF.